■ SELIGSON, ROTHMAN & ROTHMAN, ESQS., Appellant, v GALLIN & NEWMAN, ESQS., et al., Respondents. [785 NYS2d 455]—

Order, Supreme Court, New York County (Louis B. York, J.), entered October 1, 2003, which, in an action between law firms for breach of contract, denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

The subject contract provides that plaintiff's "fee for appellate services rendered and which may be rendered in the [case of *Gotoy v City of New York* (249 AD2d 268 [1998], *revd* 94 NY2d 812 [1999])] is $100,000, if the judgment or any part thereof is affirmed." In *Gotoy*, the Court of Appeals rejected the defendant-appellant's argument that the action should be dismissed as a matter of law, but accepted an alternative argument that there should be a new trial because of the trial court's refusal to instruct the jury as to any comparative negligence on the part of Gotoy, defendant's client at trial and the parties' mutual client thereafter. A motion by plaintiff to amend the remittitur to provide that the new trial be limited to the issue of comparative negligence, i.e., if any comparative fault be found, "that the apportionment of liability already adjudicated as between defendants *inter se* be reduced accordingly," was denied by the Court of Appeals (*Gotoy v City of New York*, 94 NY2d 915 [2000]). A similar request by defendant to the trial court was also denied, and a second trial was held on both liability and damages.

We reject plaintiff's argument that the mere survival of the *Gotoy* action satisfied the condition in the subject contract that "the judgment or any part thereof [be] affirmed," and that

plaintiff earned its fee when the Court of Appeals refused to dismiss the *Gotoy* action as a matter of law. To the contrary, the remand for a new trial on damages as well as liability meant that no part of the judgment was affirmed. Plaintiff's fee was plainly conditioned on the affirmance of some part of the judgment; if meant to be conditioned on the survival of the action, the agreement should have said so (*see Reiss v Financial Performance Corp.*, 97 NY2d 195, 197, 199 [2001]). We also reject plaintiff's argument that because the Court of Appeals lacks jurisdiction to review the adequacy of damages, and also because the issue of damages was not argued in the Court of Appeals, its remittitur must be deemed to embrace only the issue of fault (*Gotoy*, 94 NY2d 915 [2000], *supra; see Bruni v City of New York*, 2 NY3d 319, 328 n 3 [2004]). Concur—Tom, J.P., Saxe, Williams, Sweeny and Catterson, JJ.